UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-501-JBC

WESTFIELD INSURANCE COMPANY, PLAINTIFF,

V.    MEMORANDUM OPINION AND ORDER

JOHN DEVERE BUILDER, INC., ET AL., DEFENDANTS.

In this declaratory judgment action designed to resolve a coverage dispute, after the parties filed cross-motions for declaratory judgment, the defendants moved to file a supplemental memorandum which asks this court to exercise its discretion to stay its hand until the underlying state-court dispute is resolved. Seeing no prejudice to the plaintiff, the court will permit the filing of the supplemental memorandum. Then, finding that careful analysis weighs against consideration of the coverage issue at this juncture, the court will decline to entertain the parties' cross-motions for declaratory judgment at this time and will deny as moot a motion to strike a supporting affidavit.

I.    Background

John Devere Builder, Inc. (Devere) built a house for Kevin Blake during 1999 and 2000, during which time Devere carried a commercial general liability (CGL) insurance policy with Westfield Insurance Company (Westfield). R. 23, 2-3 (stating that the policy was in effect from August 1998 to August 2002). Blake filed a

complaint against Devere in Madison Circuit Court on April 22, 2008, alleging violations of Kentucky building codes; breach of implied warranty of habitability; fraudulent concealment, fraudulent misrepresentation, and/or negligent misrepresentation; breach of contract; negligence; and Devere's liability for the wrongful acts of John Devere, under the doctrine of respondeat superior. R. 23, Ex. 2. As to coverage, Westfield filed this action and moved for declaratory judgment in this court (R. 23) and Devere counter-claimed with its own motion for declaratory judgment (R. 28).

**II.   Legal Analysis**

    A.   Motion for Leave to File Supplemental Memorandum

Devere seeks to file a supplemental memorandum which urges this court not to exercise its discretion to entertain the instant declaratory judgment action, even though the court has subject-matter jurisdiction pursuant to the Declaratory Judgment Act (DJA). *Brillart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Despite Devere's relatively late assertion of this challenge, such delay does not amount to a waiver of the right to ask this court to stay its hand. Neither Fed. R. Civ. P. 57 nor the DJA mandates certain timing for challenging a declaratory judgment motion. *See* 28 U.S.C. § 2201(a) (stating only that a court may declare a party's rights "upon the filing of an appropriate pleading"). Westfield does not allege, and the court does not find, that Westfield will suffer any undue prejudice from this court's entertaining Devere's supplemental memorandum and Westfield's

response at this juncture. Nor has Devere waived such a challenge merely by availing itself of the court's jurisdiction. Thus, the court will permit the filing of the supplemental memorandum.

  B. Cross-Motions for Declaratory Judgment

In determining whether this court should exercise its discretion over the parties' reciprocal motions for declaratory judgment (R. 23, 28), the court must analyze the five factors first articulated in *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation*:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

746 F.2d 323, 326 (6th Cir. 1984). On balance, the factors weigh against this court's deciding the motions now.

   i. Settlement of the Controversy

Westfield seeks a declaration that it has no duty to defend or indemnify Devere based on exclusions in its insurance policy for damages to John Devere's work, damage that occurs outside of the policy period, code violations, fraud, and misrepresentation. R. 23, 29. Devere counter-claims for a declaration that Westfield is obligated to defend it against Blake's complaints in the pending

3

Madison Circuit Court proceeding because, at the very least, certain allegations in the complaint potentially come within the policy coverage. R. 28, at 9.

This court's declaration of rights regarding insurance coverage will settle the specific controversy about the extent of Westfield's coverage obligation to Devere, but it will not settle the ultimate controversy between Devere and Blake with respect to the construction of Blake's home. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272-73 (6th Cir. 2007); *see also Grand Trunk*, 746 F.2d at 326 (finding that the district court erred in giving a declaratory judgment in part because "the instant [declaratory judgment] action . . . would not clear up the legal issues in that [pending state] case"). *But see Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) (holding that it is sufficient for declaratory judgment purposes that the specific controversy between the insurer and insured be settled, even if the underlying controversy is not); *Scottsdale v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

Here, issuing declaratory relief may complicate the underlying state court issues because the determination of liability under the policy turns on unsettled state law and on contested facts that will be resolved in the state court case. *See Bituminous Cas. Corp.*, 373 F.3d 807, 814-15 (6th Cir. 2004) (noting uncertain results where the insurance coverage issue hinged on the employment status of the plaintiff, but there were inconsistent findings as to his status in the underlying state actions and the declaratory judgment action). "Devere acknowledges that damages

4

to Blake's property resulting from his intentional acts, including . . . fraud or misrepresentation . . . would not be covered by the policy," so it does not seek indemnity from Westfield on those claims.  R 27, at 11.  Thus, a substantive resolution of the motions for declaratory judgment would hinge on whether the code violations are construed as tort or contract claims and subsequently covered under the policy, whether Devere or subcontractors performed the allegedly defective work, and whether Blake's home damages are deemed to have "occurred" within or after the policy period.

According to Westfield, there are four approaches to triggering liability under CGL policies (R. 33, at 3-4), none of which Kentucky has explicitly adopted (R. 35, at 11).  This court also lacks a well-developed factual record.  A decision by this court would require an examination of matters being developed through discovery in the underlying state court action.  *Bituminous*, 373 F.3d at 814-15.  Because this court's decision would require application of unsettled state law to incomplete facts, but would have *res judicata* effect on the parties to this action, including Blake, who was joined, this factor weighs against the court's exercising jurisdiction.

        ii.        Clarification of the Legal Relations at Issue

A declaratory judgment in this case will clarify the legal relationship at issue: the contractual duties of indemnification owed by Westfield, who is not a party to the underlying litigation, to Devere.  It will not clarify the legal relationship between Devere and Blake with respect to the construction of Blake's home.  In 2008, the

5

Sixth Circuit recognized that a split had developed "concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Scottsdale*, 513 F.3d at 557. *Compare U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. App'x 562, 565 (6th Cir. 2006) (weighing that fact against exercising jurisdiction), *with Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066-67 (6th Cir. 1987) (concluding that Sixth Circuit precedent did not preclude totally the availability of declaratory judgment actions involving insurance coverage questions, and perhaps even supported the exercise of discretion). The Sixth Circuit found the former more persuasive and affirmed a district court's declaratory decision that clarified the insurance relationship before the district court and that, significantly, would not confuse the state court's analysis of liability issues. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008).

The risk of confusion is allayed somewhat where, as here, neither the scope of insurance coverage nor the obligation to defend is before the state court. *See e.g., Northland*, 327 F.3d at 454 (weighing in favor of exercising declaratory judgment). On the other hand, the determination of those questions in this court rests on facts that are related to, although not directly at issue in, the state action: the identity of the parties who actually performed the foundation work and the timing of the damage to Blake's home. *Cf. Northland*, 327 F.3d at 454 (noting that the nature of insurance coverage did not have to await the resolution of facts in the

6

state action, which weighed in favor of the district court's exercising jurisdiction). Thus, there is a risk that resolving certain factual issues necessary to clarify Devere and Westfield's insurance relationship would have confusing and uncertain effects on the state court liability proceeding.[1]  *See Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986) (recognizing the potentially confusing problem of *res judicata* in indemnity declaratory judgments).

### iii. Race for *Res Judicata*

The parties agree that there is no evidence of misuse of the declaratory judgment remedy or procedural fencing that this factor is designed to prevent, so this factor is neutral.  *Travelers*, 495 F.3d at 272.

### iv. Increased Friction Between Federal and State Courts

Although the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction, *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987), this court must consider the federalism implications of issuing a declaratory judgment.  To do so, it must analyze three additional sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3)

---

[1] For example, it is unclear how this court's declaration that Westfield had no obligation to defend or indemnify Devere because Devere performed all the defective foundation work would affect a later state court action where it was discovered that subcontractors laid the faulty foundation.

> whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous*, 373 F.3d at 815-16 (citing *Scottsdale v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

Certain underlying facts required to make the insurance coverage determination are in dispute. For example, the CGL policy covers work by subcontractors, but the parties disagree over whether Devere or subcontractors completed the foundation and brick work. The parties also contest whether the property damage that Blake alleges "occurred," as defined in the CGL policy, during the policy period. The resolution turns on an unsettled issue of state law: which triggering theory for CGL policies is used by Kentucky courts. The lack of resolution on this issue weighs against this federal court's exercise of discretion. *Roumph*, 211 F.3d at 969 (pointing out, however, that it is not a per se rule that a district court should turn away declaratory judgment actions that involve an uncertain question of state law).

Additionally, issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. States regulate insurance within their borders to protect their residents, and so state courts "are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.

8


1990)). There is a close nexus between these policies and the underlying factual issues in the case, and no federal law would arise in the resolution of the declaratory judgment action.

Thus, a Kentucky court is the superior forum to resolve the disputed factual issues, resolve the unsettled question of state triggering law, and interpret the insurance contract at issue. Here, "the troubling lack of clearly-settled Kentucky precedent on the issue is compounded by the lack of a factual record," which makes preliminary declaratory relief in this court inappropriate. *Travelers*, 495 F.3d at 273.

> v. Availability of an Alternative Remedy

Kentucky law provides numerous alternative remedies to a federal declaratory judgment action. The parties may seek a declaration of rights under Kentucky Revised Statute (KRS) § 418.040 in the same court that will decide the underlying action. *See Bituminous*, 373 F.3d at 816. In fact, declaratory judgment actions seeking an advance opinion on indemnity issues "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problems." *Manley,* 791 F.2d at 463. Westfield could intervene in the state court action. *See Northland*, 327 F.3d at 454 (pointing out, however, that a party has the right to seek to have its dispute settled in federal, as opposed to state, court). Another potential and often-used alternative is to file an indemnity action when the underlying state action concludes. *Travelers*, 495 F.3d at 273.

Particularly where, as here, the only basis for this court's jurisdiction is diversity, the Sixth Circuit "question(s) the need for federal courts to issue declaratory judgments in such cases . . . when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Am. Home. Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986). In light of a number of alternative options for the relief the parties are requesting, this factor weighs against federal discretionary declaratory judgment. *See Grand Trunk*, 746 F.2d at 326 (noting that a district court should "deny declaratory relief if an alternative remedy is better or more effective").

vi. Balancing the Factors

On balance, four of the five relevant factors counsel against exercising jurisdiction, and the remaining factor is neutral. None of the five factors point toward exercising jurisdiction, and so this court declines to entertain the declaratory judgment motions, which makes it unnecessary to consider the issue of whether portions of John Devere's affidavit (R. 27, Ex. 2) constitute improper opinions or hearsay. Thus, Westfield's motion to strike (R. 31) is moot.

**III. Conclusion**

Accordingly, **IT IS ORDERED** that the defendant's motion for leave to file a supplemental memorandum (R. 34) is **GRANTED**, and the supplemental memorandum filed therewith is hereby deemed **FILED** as of the date of entry of this

Order.

**IT IS FURTHER ORDERED** that Westfield's motion for declaratory judgment (R. 23) and Devere's motion for declaratory judgment (R. 28) are **DENIED** without prejudice to their reassertion.

**IT IS FURTHER ORDERED** that Westfield's motion to strike portions of the affidavit of John Devere (R. 31) is **DENIED** as moot.

Signed on March 16, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY